## Lewis et al. v. Montgomery et al.

1. *Corporations—Liability of Officers—Statutes, Construction of, etc.*—In a suit brought upon a statute providing that "If the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation assenting thereto shall be personally and individually liable for such excess to the creditors of such corporation," it appeared that the stock of the corporation was mainly held by one man and that its affairs were practically under his exclusive management. The other stockholders, while occupying the position of 'directors, gave but little, if any, attention to the business, and were not aware of the condition of the company until it was about to be placed in the hands of a receiver. It was contended that by using proper care they might have ascertained the condition of affairs; having failed to do so they were guilty of negligence, and must therefore be regarded as having assented to the indebtedness. *It was held* that the liability under the statute must be predicated upon assent, and this must involve knowledge; without knowing that a thing exists one can not be said to assent to it. It is not sufficient that he neglects to do that which would

lead him to knowledge. The statute does not impose a liability for mere negligence in not properly discharging the duty of an officer or director.

2. *Construction of Statutes—Directors' Liability—Assent Defined.*— Under Sec. 16, Ch. 32, R. S., providing that if the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers assenting thereto shall be personally liable, etc. *It was held* that to constitute an assent there must be a mental act on the part of the director or officer based upon some information or perception of facts. A mere failure to know or to take the steps, which, if taken, would bring the facts to light, will not suffice.

3. *Corporation—Duty of Directors.*—The duty of a director of an incorporated company requires him to know what the corporation is doing and it is negligence in him not to know; but it does not follow as a legal sequence that he is conclusively presumed to have known of its doings, and having made no objections, is to be considered as assenting to an excess of its indebtedness above its capital stock within the meaning of Sec. 16, Ch. 32, R. S., making the directors and officers liable for such excess to the creditors of such corporation. Such a construction would predicate the liability upon a mere neglect of duty in not keeping advised of the corporate action, whereas the ground of liability fixed by the statute is an assent to the excessive indebtedness.

Memorandum.—Suit to enforce the liability of directors under the statute against permitting the indebtedness of a corporation to exceed its capital stock. Appeal from a decree of the Circuit Court of Schuyler County; the Hon. CHARLES J. SCOFIELD, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

## APPELLANTS' BRIEF.

"The liability of the directors is, both in form and substance, a private obligation, similar in many respects to that of sureties."

"It is imposed by the legislature, partly for the purpose of inducing the directors to do their prescribed duties, and partly for the purpose of securing the company's creditors from losses caused by those who have control over the company's funds."

"The statute not being penal, but intended to afford additional security to creditors, it should be so construed as to effectuate that purpose without imposing punishment upon the officers, or hardship upon the creditors." Wolverton et al. v. Taylor et al., (Ill.) 23 N. E. Rep. 1007; Id.,

132 Ill. 197; Horner v. Henning, 93 U. S. 228; Stone v. Chisolm, 5 Sup. Ct. Rep. 497; S. C., 113 U. S. 302.

WILLIAM STREET, solicitor for appellants.

APPELLEES' BRIEF.

Our own Supreme Court have expressly declared the liability of a director under this section to be, like a surety, *stricti juris*. Wolverton v. Taylor, 132 Ill 198. Statutes imposing these severe personal liabilities and obligations are uniformly construed strictly by the courts. Bruce v. Platt, 80 N. Y. 381; Gray v. Coffin, 9 Cush. (Mass.) 199; Child v. Boston & Fair Haven Iron Works, 137 Mass. 519; Chase v. Lord, 77 N. Y. 1; Allison v. Coal Company, 87 Tenn. 60; 1 Beach on Corp., Sec. 263; Griffith v. Green, 29 N. E. Rep. 938.

This statute is clearly in derogation of the common law, and all such statutes are invariably to be construed strictly. Thompson v. Weller, 85 Ill. 198; Canadian Bank v. McCrea et al., 106 Ill. 289; Knower v. Haines, 31 Fed. Rep. 512; Pollard v. Bailey, 20 Wall. (U. S.) 520; Fourth National Bank v. Franklyn, 120 U. S. 747; Roke v. Thomas, 56 N. Y. 559; Union Iron Co. v. Pierce, 4 Biss. (U. S. C. C.) 327; Irvine v. McKeon, 23 Cal. 472; 24 N. Y. 148; 46 Me. 377, and 3 Dutch. (N. J.) 148.

" On the long established doctrine of this court, as well as of other courts, the complainants could not prevail on the fact of substitution, if proved, as it was not alleged in the bill. They were not permitted to state a case in one way in their bill and make another and different case by the testimony." Carmichael et al. v. Reed et al., 45 Ill. 108; McKay v. Bissett, 5 Gilm. (Ill.) 499; White v. Morrison, 11 Ill. 361; Rowan v. Bowles, 21 Ill. 17; Chaffin v. Heirs of Kimball, 23 Ill. 36; Tracy v. Rogers, 69 Ill. 622; Bremer v. Canal & Dock Co., 123 Ill. 104.

Judgments against the corporation are not evidence against the officers to prove the indebtedness of the corporation. Chase v. Curtiss, 113 U. S. 452; Miller v. White, 50

N. Y. 137–141; Whitney Arms Co. v. Barlow, 63 N. Y. 62–72.

The mere fact of being a director was not, *per se*, sufficient to make a person liable for the frauds and misrepresentations of the active managers of a corporation. Some knowledge of and participation in the act claimed to be fraudulent must be brought home to him. Arthur v. Griswold, 55 New York, 400; Percy v. Millaudon, 8 Martin (La.) N. S. 68.

W. L. Vandeventer, S. B. Montgomery, David H. Glass, L. A. Jarman and Wm. B. Ray, solicitors for appellees.

Opinion by the Court.

The appellants filed their bill in chancery against the appellees to enforce an alleged liability as directors of the " Rushville Shawl Mills," a corporation, for assenting to corporate indebtedness in excess of the capital stock.

The cause was heard upon bill, answer, replication and proofs, and a decree was entered dismissing the bill at the cost of the appellants. By their appeal the record is now brought to this court.

The provision of the statute involved reads as follows :

" If the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation assenting thereto shall be personally and individually liable for such excess to the creditors of such corporation." R. S., Ch. 32, Sec. 16.

Assuming, for the present purpose, that the indebtedness of the incorporation did exceed the capital stock, the question is whether the appellees, being directors, did assent thereto, within the meaning of the statute, so as to render themselves liable for such excess. It appears that the stock of the corporation was held mainly by one man, Augustus Warren, and that affairs of the corporation were practically under his exclusive management.

The appellees, while holding stock, and while occupying the position of directors, seem to have given but little, if any, attention to the business.

It is not shown by the proofs offered in support of the bill that they really knew the financial condition of the company, and they testify positively that they were not aware that the indebtedness exceeded the capital stock until it had all been incurred, and the affairs of the concern were about to be placed in the hands of a receiver.

The appellants insist, however, that by using the proper care, they might have ascertained the exact condition of the company at any time, and if they failed so to do, they were guilty of negligence, and must therefore be regarded as having assented to the indebtedness.

It may be fairly inferred from the evidence that the appellees were negligent in the discharge of their duties as directors; that they really took no active interest in the management of the business; that they permitted Mr. Warren to conduct it as he saw fit, without any supervision on their part; and that, by the exercise of proper diligence, they might have known, at all times, what was the state of affairs. If this makes them liable under the statute, the decree in their favor is erroneous.

The liability must be predicated upon assent, and this must involve knowledge; without knowing that a thing exists, one can not be said to assent to it.

It is not sufficient that he neglects to do that which would lead him to knowledge. The statute does not impose liability for mere negligence in not properly discharging the duty of an officer or director. It does not say liability shall arise where he has negligently permitted the indebtedness to exceed the capital stock, but when he has assented thereto.

There must be a mental act, based upon some information or perception of facts; but mere failure to know, or to take the steps which, if taken, would bring the facts to light, will not suffice.

The position of the appellants is, that the duty of a director requires him to know what the corporation is doing, and it is negligence in him not to know; hence, he is conclusively presumed to have known, and, having made no objection, he is to be considered as assenting.

But this is more than the statute has declared.

It is an attempt to predicate liability upon mere neglect of duty in not keeping advised of the corporate action, whereas, the ground of liability, fixed by the statute, is that there was assent to the prohibited action. Patterson v. Stewart, 45 Minn. 84; Patterson v. Robinson, 36 Hun, 622.

We are of opinion the decree should be affirmed.